THIRD NAT. BANK (GERMAN AMERICAN BANK v.). See Case No. 5,359.

THIRD NAT. BANK v. PAPIN. See Case No. 12,239.

THIRD NAT. BANK (RANKIN v.). See Case No. 11,568.

THIRTEEN BALES, ETC. (JOHNSON v.). See Case No. 7,415.

THIRTY–FIVE BARRELS OF HIGH WINES (UNITED STATES v.). See Case No. 16,460.

THIRTY–FOUR BARRELS OF DISTILLED SPIRITS (UNITED STATES v.). See Case No. 16,461.

THIRTY–FOUR BARRELS OF WHISKEY (UNITED STATES v.). See Case No. 16,-462.

THIRTY–NINE BARRELS OF SPIRITS (UNITED STATES v.). See Case No. 16,-463.

THIRTY–NINE THOUSAND ONE HUNDRED AND FIFTY CIGARS (UNITED STATES v.). See Case No. 16,464.

THIRTY–NINE TRUNKS (UNITED STATES v.). See Case No. 16,465.

THIRTY–SEVEN BARRELS OF APPLE BRANDY (UNITED STATES v.). See Case No. 16,466.

THIRTY–SEVEN BARRELS OF RUM (UNITED STATES v.). See Case No. 16,-467.

THIRTY–SIX BARRELS OF HIGH WINES (UNITED STATES v.). See Cases Nos. 16,468 and 16,469.

THIRTY–THREE BARRELS OF SPIRITS (UNITED STATES v.). See Case No. 16,-470.

---

## Case No. 13,884.

### THISTLE v. HAMILTON.

[4 Dill. 162.] [1]

Circuit Court, W. D. Missouri. 1877.

BANKRUPTCY — APPEAL — REV. ST. §§ 4980, 4984— RIGHT TO JURY TRIAL—WAIVER OF RIGHT.

1. A creditor, whose claim is rejected by the bankruptcy court, and who duly takes an appeal to the circuit court, and there files a declaration to which the assignee has pleaded, has the right to have the issues of fact thus presented tried by a jury. Rev. St. §§ 4980, 4984.

2. The right to a jury trial may be waived in such a case, and such waiver need not necessarily be by written stipulation.

3. Under the circumstances, the right to a jury trial was held not to have been waived by the creditor, where the appeal was inadvertently submitted and decided as if the cause had been brought to the circuit court by a writ of error.

The plaintiff [Mary H. Thistle, administratrix] presented in the district court a claim for a large number of ties sold and delivered to the bankrupt. The claim was opposed by the assignee, and a jury trial was had in the district court, and a verdict returned for the defendant [H. B. Hamilton, assignee in bankruptcy of the Lexington & St. Louis Railroad Company], on which judgment was rendered. [Case unreported.] The plaintiff perfected an appeal to the circuit court, as required by the bankrupt act (section 8 of original act; Rev. St. §§ 4980, 4984; rule 26 of general orders in bankruptcy). In the circuit court the claimant filed her statement or declaration, as required by section 4984 of the Revised Statutes, and the assignee filed an answer in denial. The case was entered on the appeal docket, and was submitted to the court, nothing being said about a jury by either party. The record sent up from the district court contained a bill of exceptions, embodying all the evidence and exceptions to portions of the charge of the district court to the jury, and to certain rulings in respect of testimony.

---

[1] [Reported by Hon. John F. Dillon, Circuit Judge, and here reprinted by permission.]

In the arguments before the circuit court, the appellant relied chiefly upon the alleged erroneous rulings of the district court in matters of law, and these rulings not being considered by the circuit court to be erroneous, that court, at the November term, 1876, ordered the judgment below to be affirmed. [Case unreported.] A motion was made, during the same term, by the appellant, to set aside this order of affirmance, and to proceed with the trial of the case in accordance with section 4984 of the Revised Statutes. It is this motion which is now before the court for decision.

N. C. Kouns, for the motion.

H. B. Hamilton, contra.

DILLON, Circuit Judge. The claimant presented her claim in the district court, and made proof thereof, as required by section 5076 of the Revised Statutes. The assignee filed objections, and the claim was certified by the register to the district court, which granted the demand of the claimant for a trial by jury. This trial resulted in a verdict for the assignee, on which judgment was rendered, and the claimant appealed to this court in due time and form, and filed the statement or declaration required by section 4984, to which the assignee pleaded, denying the claim. Notwithstanding the district court granted a jury trial, the appeal was really from the decision of that court rejecting the claim; and, on the appeal being taken and perfected, the claimant was entitled to have the cause determined, as provided in section 4984. This section enacts that, upon entering the appeal in the circuit court, the creditor shall file "a statement in writing of his claim, setting forth the same, substantially, as in a declaration for the same cause of action at law, and the assignee shall plead or answer thereto in like manner, and like proceedings shall thereupon be had in the pleadings, trial, and determination of the cause, as in action at law, commenced and prosecuted in the usual manner, in the courts of the United States," etc. The appellant having filed her declaration, and the assignee having answered, issues of fact were thus presented which either party had the right to have determined by a jury. The proceedings in the district court may be summary, without a jury, and the claim rejected as not being duly proved, or as being founded in fraud, illegality, or mistake. Rev. St. § 5081; Catlin v. Foster [Case No. 2,519]. An appeal is allowed, which, in such cases, is really converted into an action at law in the circuit court, and is to be tried like actions at law commenced originally in that court. Rev. St. §§ 4980, 4984; Rule 26, General Orders in Bankruptcy. I agree with the late Judge Woodruff, that "these sections contemplate not a mere review of the adjudication in the district court, but the trial of the questions of fact by a jury upon pleadings and an is-

sue, or an issue of law, if there shall be a demurrer." In re Place [Case No. 11,200]; In re Jaycox [Id. 7,237]; Catlin v. Foster [supra]. Undoubtedly the parties can waive the right of a trial by jury in such a case, the same as in cases at law commenced in the circuit court by original process; and such waiver need not necessarily be by written stipulation. Kearney v Case, 12 Wall. [79 U. S.] 275. If the parties in the present appeal had said, "We submit the case to the court upon the testimony which is embodied in the bill of exceptions," and the circuit court had examined this testimony and found that the claim was not sustained, we should have refused a motion afterwards for a trial by jury. But no such agreement was made, and no such course taken. It was inadvertently submitted and decided as if the case had been brought into the circuit court by a writ of error. The evidence is conflicting; there was no intention on the part of the appellant's counsel to waive a jury trial; and, under the circumstances, it would be applying too strict a rule to hold that what was done precludes the creditor from having the issues of fact tried in the usual manner. The order of affirmance will be set aside, and the cause will stand for trial by a jury. Motion granted.

NOTE. The point stated in the first head-note, in relation to the right of a trial by jury, was ruled the same way by Mr. Justice Miller, in Manning v. Simpson, in the circuit court for the Eastern district of Missouri, September term, 1877. [Case unreported.]